# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LARRY THOMAS, SR.,

    Plaintiff,

v.      CIVIL ACTION NO.: CV510-035

PEGGY COOPER, Deputy Warden,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Men's State Prison in Hardwick, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Coffee Correctional Facility in Nichols, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Cooper, the Deputy Warden of Care and Treatment at Coffee Correctional Facility, was or should have been aware that the roof of the unit in which he was housed leaked. Plaintiff contends that, sometime in 2008, he fell after he slipped on a puddle of standing water. Plaintiff asserts that, due to Defendant Cooper's failure to protect, he suffered soft tissue injury, permanent damage, physical pain and suffering, and emotional distress.

An allegation that a defendant acted with mere negligence in causing a plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31(1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."

AO 72A
(Rev. 8/82)

Baker v. McCollan, 443 U.S. 137, 146 (1979). As Plaintiff has set forth a state law tort claim only, he cannot sustain a section 1983 cause of action against Defendant.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim for relief pursuant to 42 U.S.C. § 1983.

**SO REPORTED** and **RECOMMENDED**, this 4th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)